**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HONGXIA SUN,<br><br>                Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>                Respondent. | No. 11-73965<br><br>Agency No. A088-121-087<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:    CLIFTON, BEA, and WATFORD, Circuit Judges.

Hongxia Sun, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's decision denying her application for asylum and withholding of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

       [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies within Sun's testimony regarding when she first intended to apply for asylum and regarding the existence of medical records aside from the abortion certificate. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). We do not consider Sun's explanation of memory failure regarding the medical records inconsistency because the BIA did not, *see Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) (court considers only the grounds relied upon by the BIA), and Sun does not contend the BIA erred by failing to address it, *see Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Finally, we lack jurisdiction to consider Sun's argument that she was not given an opportunity to explain the medical records inconsistency at the hearing because she did not exhaust it to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). Accordingly, in the absence of credible testimony, Sun's asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**